UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
:
MARCIA TATE-SMALL, CASSANDRA THOMAS, :
and ROBIN LEDGER-RYAN, individually and on :
behalf of all others similarly situated, :
:
                          Plaintiffs, :
:         12 CV 1008 (HB)
              - against - :
:         OPINION & ORDER
SAKS INC., SAKS FIFTH AVENUE, INC., SAKS & :
CO., and SAKS FIFTH AVENUE OFF FIFTH, :
:
                         Defendants. :
:
------------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

      Defendants Saks Incorporated, Saks Fifth Avenue, Inc., Saks & Company, and Saks Fifth Avenue Off Fifth ("Defendants" or "Saks") move pursuant to the first-filed rule to dismiss or, in the alternative, to transfer or stay this action because of a similar suit now pending in a district court in California. For the following reasons, the motion is GRANTED, and this action shall be TRANSFERRED to the Northern District of California.

## I.   BACKGROUND

**A.   The California Action (The *Till* Action)**

      On February 2, 2011, Dawn Till and Mary Josephs, individually and on behalf of all others similarly situated, filed suit in the Northern District of California, No. 11-CV-00504-SBA, asserting that they and other Saks managers were improperly classified as exempt from overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the California Labor Code, Cal. Labor Code § 500, et seq. ("CLC"). The *Till* plaintiffs, in their complaint, defined a purported FLSA collective action[1] as "all persons who are or have been

---

[1] Collective actions brought pursuant to the FLSA are "opt-in." *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

employed by defendants as Assistant Managers at Saks Off Fifth stores, within the United States." Defs.' Supp. 3. Defendants moved affirmatively to deny collective treatment. The *Till* plaintiffs moved pursuant to Rule 23 of the Federal Rules of Civil Procedure to certify a class action[2] for the CLC state claims. These two motions are fully briefed, but the *Till* court has yet to rule on them. The *Till* plaintiffs are represented by the same counsel here, and counsel notes that they have abandoned their FLSA collective action in California, leaving in the *Till* case only the FLSA claims for the individually named plaintiffs and the putative CLC class action. Pls.' Opp'n 9. Plaintiffs' counsel further suggests that their abandonment of the FLSA collective action renders moot Saks' affirmative motion to deny collective treatment, *id.*, though it remains unclear to me whether the California court will decide the motion or not.

B.   **The New York Action (The *Tate-Small* Action)**

On February 8, 2012, the day after Defendants submitted their last brief in connection with the pending motions in *Till* regarding certification, Marcia Tate-Small, Cassandra Thomas, and Robin Ledger-Ryan, individually and on behalf of all others similarly situated ("Plaintiffs"), filed suit in the Southern District of New York by and through the same counsel and against the same Defendants as in the *Till* action. Plaintiffs assert claims under the FLSA (defining an identical collective class as in *Till*), the New York Labor Laws, N.Y. Labor Law § 199, and New York State Labor Department's Codes, Rules and Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2. Plaintiffs will further seek certification of a Rule 23 class action for the New York state claims. On March 6, 2012, Defendants filed the present motion, and the Court heard oral argument on May 16, 2012.

## II.   DISCUSSION

The first-filed rule gives priority to the earlier of two competing lawsuits[3] and "'applies when identical or substantially similar parties and claims are present in both courts.'" *Pippins v. KPMG LLP*, No. 11 Civ. 0377(CM), 2011 WL 1143010, at *2 (S.D.N.Y. Mar. 21, 2011) (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116–17 (2d Cir. 1992)). "The Second

---

[2] Class actions brought pursuant to Rule 23(b)(3) are "opt-out." *See* Fed. R. Civ. P. 23(c)(2)(B)(v) ("[T]he court will exclude from the class any member who requests exclusion . . . .").

[3] The first-filed rule "applies where there is concurrent *federal* litigation, not where a federal court contends with concurrent state litigation." *Port Auth. of New York & New Jersey v. Kraft Power Corp.*, No. 11 CV 5624(HB), 2012 WL 832562, at *1 (S.D.N.Y. Mar. 13, 2012).

Circuit recognizes two circumstances that warrant departure from the first-filed rule: (1) where there are 'special circumstances,' and; (2) where the 'balance of convenience' tilt in favor of the second forum." *Id*. (citing *Emp'rs Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 274 (2d Cir. 2008)). "Special circumstances" include "manipulative or deceptive behavior" (such as where the first lawsuit is an improper anticipatory declaratory judgment action) or where "forum shopping *alone* motivated the choice of the situs for the first suit." *Emp'rs Ins.of Wausau*, 522 F.3d at 275–76 (internal quotation marks omitted). The "balance of convenience" factors are "essentially the same as those considered in connection with motions for transfer of venue pursuant to 28 U.S.C. § 1404(a)." *Id.* at 275 (internal quotation marks omitted).[4]

A.     **The *Till* Action and the *Tate-Small* Action Are Substantially Similar**

The two state-based class actions involve similar factual issues pertaining to the same defendant. A significant amount of the discovery already completed in the *Till* action will be applicable and available in this case. Defs.' Reply 2–3. These similarities alone, however, are usually not sufficient to find that the two cases are substantially similar. *See, e.g.*, *Wilkie v. Gentiva Health Servs., Inc.*, No. CIV. 10-1451 FCD/GGH, 2010 WL 3703060, at *4 (E.D. Cal. Sept. 16, 2010) ("[N]o subclass of California litigants, alleging California state law claims, currently exists in the [New York] action so there can be no similarity of the parties as to the state classes."); *Gardner v. GC Services, LP*, No. 10-CV-997-IEG (CAB), 2010 WL 2721271, at *5 (S.D. Cal. July 6, 2010) (finding "no overlap at all, much less 'substantial overlap[,]'" where a later-filed action represented a California putative class, while the earlier-filed action excluded all California employees from the putative class). The plaintiffs in each suit seek to certify a class action specific to California and New York, respectively. With the possible exception of the rare employee who has worked in stores in each state, there will be no overlap among plaintiffs between the class actions.

Additionally, there are notable differences in the law that will apply to each. Both New York and federal wage law require employees working more than forty hours per week to be compensated for overtime work at a rate of one-and-a-half times their standard rate. 29 U.S.C. §

---

[4] Such factors may include: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006) (internal quotation marks omitted).

207(a)(1); N.Y. Labor Law § 650, et seq.; N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.2 (expressly adopting the provisions and exemptions of the FLSA). However, employees properly classified as "bona fide executives" are exempted. *See* 29 U.S.C. § 213(a)(1); N.Y. Labor Law § 651(5)(c). Because New York's overtime provisions mirror or expressly adopt federal wage law, federal courts evaluate New York's executive exemption by reference to the FLSA and its attendant regulations. *See Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003); *see also Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 456 n.4 (S.D.N.Y. 2008) ("New York's overtime provisions expressly incorporate the FLSA exemptions."). The determination of whether an employee is exempt from the overtime requirements of the FLSA is a "highly fact-intensive inquiry that must be made on a case-by-case basis in light of the totality of the circumstances." *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 908 (E.D. La. 2009) (citations omitted); *see also Barfield v. N.Y. City Health and Hosps. Corp.*, 537 F.3d 132, 141–42 (2d Cir. 2008) ("[E]mployment for FLSA purposes [is] a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." (citation omitted)). "The regulations . . . provide a non-exclusive list of characteristic 'management' activities to which a court may look to determine whether an employee's 'primary duty is management.'" *See Myers v. Hertz Corp.*, 624 F.3d 537, 548 (2d Cir. 2010), *cert. denied*, 132 S. Ct. 368 (2011) (citation omitted).

Under California law, in contrast, employees receive overtime compensation for all hours worked in excess of eight hours in a workday, forty hours in a workweek, and the first eight hours of a seventh consecutive workday. *See* CLC § 510. And the comparable administrative employee exemption—found in IWC Wage Order No. 2001.4—applies where fifty percent or more of an employee's time is spent on exempt activities. *See* Cal. Code Regs. tit. 8, § 11040(1)(A)(2)(f) ("The work actually performed by the employee during the course of the workweek must, first and foremost, be examined and the amount of time the employee spends on such work . . . shall be considered . . . ."); *see also Ramirez v. Yosemite Water Co., Inc.*, 978 P.2d 2, 10 (Cal. 1999) ("[California law] requires only more than 50 percent in exempt activities in order to qualify [for exemption]."). "The (in)correctness of putative class members' designation as exempt can only be determined through individual inquiries investigating the amount of time each member spent on exempt activities . . . ." *Ruggles v. WellPoint, Inc.*, 272 F.R.D. 320, 343–44 (N.D.N.Y. 2011).

The difference between these standards—the qualitative test under the FLSA or the NYLL and the quantitative test under the CLC for the exemption, as well as differences in the calculation of overtime hours under each—may have some effect on the decision of whether to certify the respective collective and class actions. Both standards will require individual inquiries to some extent, but suffice it to say that the class actions are distinct.

The *Till* and *Tate-Small* cases consist of more than the California and New York class actions, however. Though coordinated discovery or multidistrict litigation procedures may normally be adequate to address inefficiencies in parallel suits such as these, the FLSA claims here render these cases substantially similar. *See Ortiz v. Panera Bread Co.*, No. 1:10cv1424, 2011 WL 3353432, at *2 (E.D. Va. Aug. 2, 2011) ("The first-to-file rule is particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations."). While there is nothing in the FLSA to suggest that similar parallel collective actions are inappropriate, the putative FLSA collective actions here are identical, and there is a fully briefed motion presently before the *Till* court on whether certification is appropriate. *See Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010) ("[T]he proposed classes for the collective actions are substantially similar in that both classes seek to represent at least some of the same individuals."). Saks has met its burden to show that the first-filed rule applies in this case.

Despite Plaintiffs' counsel's attempts at distancing the *Till* collective action from this case, the plaintiffs in *Till* have not amended their complaint or voluntarily dismissed their federal claims. And as it stands now, the California court will apply the same substantive law to the *Till* plaintiffs' FLSA claims that this Court would apply to the New York and FLSA claims here. Furthermore, and particularly if the *Till* plaintiffs do in fact abandon their collective action, members of the California class action will likely join the putative FLSA collective action here. It is unnecessary to re-litigate the California plaintiffs claims against Saks twice, especially when the *Till* court must already apply the FLSA standard to the individually named plaintiffs. While it is conceivable that should a national collective action proceed here in New York, the individual *Till* plaintiffs might transfer their FLSA claims to the *Tate-Small* action—as was noted by Plaintiffs at oral argument, *see* Oral Arg. Tr. at 27–28—this is both speculative at this juncture and does nothing to cure the inefficiency of splitting California plaintiffs' claims between the

5

two courts. A question that must still be put to the *Till* court is the propriety of a Rule 23 New York class action, and it is true that no plaintiff outside California could become part of the *Till* case if the collective action there is abandoned or dismissed, but these issues are insufficient to render the cases dissimilar. *Compare Pippins*, 2011 WL 1143010, at *3 (finding competing New York and California cases with overlapping FLSA collective actions substantially similar), *with Ross v. U.S. Bank Nat. Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) (finding cases were not substantially similar where the district court in the earlier filed suit had denied collective treatment and class actions were pending in state court).

**B.     Circumstances Do Not Warrant Departure from the First-Filed Rule**

It is for Plaintiffs to overcome the presumption of the first-filed rule "by showing that equitable considerations recommend the later action." *Pippins*, 2011 WL 1143010, at *2 (internal quotation marks omitted). Any special circumstances that may exist here suggest that a departure from the first-filed rule is not warranted. The typical concern of anticipatory litigation is not present, and, if anything, it is Plaintiffs' counsel who are the cause of the duplicative and confusing procedural stances of these cases. The Defendants would have the Court impute to Plaintiffs the supposed strategic behavior and forum shopping of Plaintiffs' counsel, *see* Defs.' Supp. 10 (noting that the putative collective actions are identical and that Plaintiffs' counsel filed this suit only moments after the certification motions were fully briefed in the *Till* action), however, I am hesitant to read too much into counsels' decisions. *Cf. Gardner*, 2010 WL 2721271, at *5 ("Although Defendant argues the actions were brought by the same attorneys against the same defendant, it fails to cite any case law as to why this would be relevant in this context."). There are no special circumstances here that have been brought to my attention.

As for the "balance of convenience", the *Tate-Small* plaintiffs (albeit through the same counsel) have picked this forum where Defendants are headquartered. *See Pippins*, 2011 WL 1143010, at *6 (finding an exception to the first-filed rule due to significant delay in the California action and the convenience of witnesses where business headquartered in New York). The plaintiff's choice of forum is ordinarily given weight, and on a typical motion to transfer "is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer." *Rindfleisch v. Gentiva Health Sys.*, 752 F. Supp. 2d 246, 251 (E.D.N.Y. 2010) (internal quotation marks omitted). This is, however, "a less significant consideration in a (here, putative) class action than in an individual action." *Id.* (quoting *Warrick v. Gen. Elec. Co.*,

70 F.3d 736, 741 n.7 (2d Cir. 1995)). This is because "in a class action there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class's claim." *Glass v. S&M NuTec, LLC*, 456 F. Supp. 2d 498, 504 (S.D.N.Y. 2006) (quoting *In re Collins & Aikman Corp. Secs. Litig.*, 438 F. Supp. 2d 392, 398 (S.D.N.Y. 2006)). It is reasonable to assume that the locus of possible plaintiffs for the New York class action reside in or near New York, where these particular stores and middle managers are located as well as the corporate headquarters. The putative collective action, however, is nationwide, and Saks' stores are located in forty states, with nine in California and five in New York. Defs.' Supp. 8. Two of the named plaintiffs here have already participated in the *Till* action, submitting declarations in support of the *Till* plaintiffs' certification memoranda—the motions for which are fully briefed. Zargarof Decl. ¶¶ 8–9. Much of the discovery concerning Saks' management policies at the higher levels has already been completed, limiting the significance of the location of the headquarters here. This is not to ignore the likelihood as well that there will be shared discovery between the two cases, as the parties have already agreed to do. *See* Initial Pretrial Conf. Report at 2, ECF No. 20. As such, Plaintiffs' choice of forum and the convenience of the witnesses afford less weight than they ordinarily would—they are largely neutral considerations though I note that the New York class action keeps these factors in Plaintiffs' favor.

   The convenience of the parties weighs against transfer, but again, only slightly. The Defendants seek to consolidate the cases in California, where the first-filed suit was brought and has been litigated for just over a year. For the New York plaintiffs, however, the need for individual inquiries into their employment duties suggests that a transfer would "merely shift the inconvenience from one party to the other," and therefore weighs against transfer. *Rindfliesch*, 752 F. Supp. 2d at 258 (internal quotation marks omitted).

   Similarly, I have considered the factors concerning the relative ease of access to proof, the locus of operative facts, and the transferee jurisdiction's familiarity with the governing law, and I find these factors neutral or just slightly in Plaintiffs' favor. For instance, the policies emanating from Saks' corporate headquarters here in New York will be relevant to the determination of whether the assistant managers were properly classified as exempt. Much of this evidence has already been produced in the *Till* action. *See* Zargarof Reply Decl. ¶ 3–4 (noting the depositions of corporate witnesses addressing directives that dictate plaintiffs' duties

and labor budgets). But again, the supplemental claims under New York law in this case pushes the balance of these factors to Plaintiffs' side.

Were this motion to be decided without the presumption of the first-filed rule, transfer would be problematical. Here, however, I am convinced that there is insufficient evidence to keep the case in New York. "The interest of justice is a separate component of the Court's § 1404(a) transfer analysis, and may be determinative in a particular case . . . ." *Tucker Anthony, Inc. v. Bankers Trust Co.*, No. 93 Civ. 0257, 1994 WL 9683, at *8 (S.D.N.Y. Jan. 10, 1994) (citations and internal quotations omitted). I am persuaded that it is the more efficient outcome to transfer this case to California. The *Till* case has advanced to the certification stage, the California court will need to evaluate the FLSA claims for the individual plaintiffs there and may decide on conditional certification for an identical collective action, and the named defendants are the same and the facts similar. *See id.* at *10 ("[T]ransfer of this action and consolidation will reduce the need for duplicative discovery and motion practice, avoid the relitigation of identical issues and risk of inconsistent results, as well as satisfy the Court's interest in judicial economy.").

### III. CONCLUSION

For the reasons stated above, Defendants' motion is GRANTED. Pursuant to Local Civil Rule 83.1, the Clerk of Court is instructed to effectuate transfer of this case to the Clerk of Court of the Northern District of California. The Clerk of Court is further instructed to close the motion and this case.

**SO ORDERED.**

Date: 5/31/12
New York, New York

HAROLD BAER, JR.
**United States District Judge**